**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>HECTOR ESTRADA-IGLESIAS,<br><br>               Defendant. | Case No. 2:19-MJ-00651-BNW-1<br><br>**ORDER** |

### BACKGROUND

Estrada-Iglesias is charged with "Failure to Comply with Lawful Direction of Law Enforcement Officer," in violation of 41 C.F.R. § 102-74.385. The second citation, No. 8036252, which charges him with "Disorderly Conduct" in violation of 41 C.F.R. § 102-74.390, has been dismissed without prejudice.[1] (ECF No. 19.)

The government seeks to admit three pieces of evidence at trial: his prior conviction for disorderly conduct and two prior video recordings. (ECF No. 15.) Estrada-Iglesias responded (ECF No. 16) and the government replied (ECF No. 20.)

### LEGAL STANDARD

Rule 402 of the Federal Rules of Evidence declares that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." In turn, Rule 401 defines relevant evidence as "evidence having any tendency to make

---

[1] Should the government choose to proceed with citation No. 8036252 and wish to introduce the evidence sought here in relation to that second citation, it must file a motion and make the appropriate argument.

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 404, which separately deals with "character" evidence, and its subsection 404(b), which covers evidence of other (1) crimes, (2) wrongs, or (3) acts, is not a different pathway to the admission of evidence-although it is frequently misunderstood as such. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007).

"Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *United States v. Romero*, 282 F.3d 683, 688 (citing Fed. R. Evid. 404(a)); *see also United States v. Derington*, 229 F.3d 1243, 1247 (9th Cir. 2000). "However, Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Romero*, 282 F.3d at 688. Here, the government wishes to introduce the evidence stated above to show motive, intent and absence of mistake. (ECF No. 20 at 3 (and representing not intended for purposes of identity).)

In the Ninth Circuit, a four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b). Evidence is admissible under Rule 404(b) if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *Romero*, 282 F.3d at 688. The government "has the burden of proving that the evidence meets all of the above requirements." *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Romero*, 282 F.3d at 688 (citation omitted).

## ANALYSIS

### I.     Nature of prior conviction

The government is allowed to introduce the nature of the prior conviction as it relates to failure to show identification to show intent and absence of mistake. This prior act is not remote (he was convicted on September 6, 2019); this court found him guilty (so there is more than sufficient evidence to show he committed other act); and the act is similar to the charged offense.

1  While the government need not show that Estrada-Iglesias knew his conduct was unlawful (ECF

2  No. 16 at 3), the government must still show that he acted knowingly. Prior act evidence is not

3  relevant to show motive or intent unless motive or intent is "an element of the charged offense

4  that is a material issue in the case" (*United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989))

5  or, even for a general intent crime, it is "obvious that the defense will raise lack of intent as a

6  defense." *United States v. Sarault*, 840 F.2d 1479, 1486 (9th Cir. 1988); *see also* ECF No. 20 at 2.

7  This court agrees with the government that Estrada-Iglesias could easily defend the case by

8  stating that he had the wallet in his hand and always intended to follow commands. (ECF No. 20

9  at 2.) Thus, it also tends to prove a material point and is relevant evidence. Finally, this court

10  agrees this evidence is more probative than prejudicial and takes into account the fact that this is a

11  bench trial where the risk of unfair prejudice is significantly reduced. *See United States v. Caudle*,

12  48 F.3d 433, 435 (9th Cir. 1995).

13  **II.  December 23, 2018 and January 9, 2019 video recordings**

14  The government is allowed to introduce the two prior video recordings as it relates to

15  failure to show identification to show intent and absence of mistake. These prior recordings are

16  material for the reasons discussed above regarding Estrada-Iglesias' likely defense and are also

17  relevant. They are not remote in time; there is sufficient evidence that the defendant recorded

18  these encounters (it appears both recordings depict defendant (ECF No. 15 at 3); and the incidents

19  are similar to the charged offense. For the same reasons discussed above, the evidence is more

20  probative than prejudicial.

21  **CONCLUSION**

22  This court will allow the introduction of evidence regarding the nature of the prior

23  conviction and the two video-recordings to show intent and absence of mistake.

24  **IT IS THEREFORE ORDERED** that the Government's Motion in Limine to Admit

25  Certain Evidence (ECF No. 15) is GRANTED.

26  DATED: December 3, 2019

27  _____

28  BRENDA WEKSLER
   UNITED STATES MAGISTRATE JUDGE